Chancellor Hutledge
delivered the judgment of the court. There are five points for determination in this case. 1st. Whether the bill of sale made by John Fitzpatrick to O’Brien Smith was bona fide, and for valuable consideration, and absolute; or only a security for an un-liquidated debt due by John Fitzpatrick to O’Brien Smith? 2d. Whether an award made between the parties by arbitrators, should be set aside. 3d. Whether the caigo is the property of Kyrian Fitzpatrick ov John Fitzpatrick? *345 4 th. Whether Kyrian Fitzpatrick should be allowed to retain freight for money carried? 5th. Whether the sale of the brig was fair and open? As to the first, the defeii-dant O'Brien Smith swears, that the bill of sale was for valuable consideration, for a debt of 4201. justly due him, and without condition; and in order to avoid the imputation of fraud, he also files an account, the items of which make up the amount. He needed not have done this. — • The complainant now insists that he should go into proofs of the account. But as the greatest part is for money lent, it is presumable when John Fitzpatrick gave the bill of sale, the vouchers were given up. It would be unreasonable to order the account to be unravelled now. There might be a difference if the creditors of John Fitzpatrick were complainants. Parol evidence was offered to shew the bill of sale was a mere security, and the conversations of defendant Smith with two of the witnesses, were adduced to shew the nature and effect of the bill of sale. The court has frequently decided not to admit parol evidence to contradict or explain a deed, contrary to what appears on its face, unless there is a charge of fraud in obtaining it. But here the deed itself is confirmed by the positive oath of defendant Smith, which stands wholly unimpeached, except as to the loose conversations stated to have taken place several years ago. The court is of opinion thatthe bill of sale must be considered absolute, and not conditional, or merely as a security. ’ The" account cannot now be investigated. 2d. The award was made by persons chosen by the parties, and made up with great cai'e and labor, and there is no charge of fraud or partiality on the part of the arbitrators; the award therefore is conclusive: let it be confirmed. 3d. The cargo from the evidence, appears clearly to be the property of Kyrian Fitzpatrick, and not of his owner. 4th. As to the freight for the money from Amsterdam to Philadelphia, there appears to be no fixed custom thatthe captain of the vessel should have it. There is a difference of opinion among the witnesses. It seems to be the custom between this port and Philadelphia; but it is not established by testimony as to other trades. The defendant Kyrian *346 Fitzpatrick, the captain, must account for this freight, to his owner. 5th. The evidence shews clearly, that the sale of the brig was fair and open, without fraud or collusion, and the defendant Kyrian Fitzpatrick, was the highest bidder, and really gave the full value. The court there-#>re decreed that Kyrian Fitzpatrick should pay to the administrators of John Fitzpatrick, the sum (1231.) awarded by the arbitrators, to be due by' him to the estate of John Fitzpatrick; and also the freight of the money from Amsterdam to Philadelphia, deducting primage; and that he do pay all the costs of this suit, except those of defendant Smith, which must be paid by the complainants.